1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ARMANDO TINAJERO,                    Case No. 16-cv-01342-BAS-BGS
     CDCR No. AX-3761
12                                        **ORDER:**
                                Plaintiff,
13                                        **(1)  GRANTING MOTION TO**
     v.                                   **PROCEED IN FORMA PAUPERIS;**
14                                        **and**
     RAYMOND MADDEN; L. MARIN,
15                                        **(2) DISMISSING COMPLAINT FOR**
                               Defendants. **FAILING TO STATE A CLAIM**
16

17

18

19          Plaintiff Armando Tinajero ("Plaintiff"), currently incarcerated at Centinela State

20   Prison located in Imperial, California, and proceeding pro se, has filed a civil rights

21   complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay

22   the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead,

23   he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. §

24   1915(a). (ECF No. 4.)

25   **I.      Plaintiff's Motion to Proceed IFP**

26          All parties instituting any civil action, suit or proceeding in a district court of the

27

28                                            1

United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.      Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.      Standard of Review

16cv1342

The PLRA obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

16cv1342

§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are not "sufficient to withstand a motion to dismiss." *Id.*

## B.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### 1.   Individual Liability and Causation

Plaintiff's Complaint contains virtually no factual allegations as to who violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, any individual became aware of, or were actually aware of, alleged constitutional violations.  "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676;

16cv1342

1     *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649

2     (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of

3     particularity overt acts which defendants engaged in" in order to state a claim).

4         "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks*

5     *v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must

6     be individualized and focus on the duties and responsibilities of each individual

7     defendant whose acts or omissions are alleged to have caused a constitutional

8     deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*,

9     423 U.S. 362, 370-71 (1976).

10        Instead of supplying specific factual allegations with regard to either Defendant,

11    Plaintiff refers to the exhibits attached to his Complaint. Plaintiff does claim, in general

12    terms, that Defendant Marin "knew of his violations" and Defendant Madden "is aware

13    of acts of this capacity" but offers no other specifics. (Compl. at 2.) As such, Plaintiff's

14    allegations are insufficient to state a section 1983 claim. *Iqbal*, 662 U.S. at 678 (noting

15    that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-

16    harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must

17    contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

18    plausible on its face.'"), quoting *Twombly*, 550 U.S. at 555, 570).

19        **C.**     **Fourteenth Amendment Due Process Claims**

20        Based on the Exhibits attached to Plaintiff's Complaint, it appears that he may be

21    attempting to allege due process violations based on the manner in which the Defendants

22    handled and responded to his administrative grievances. While the Fourteenth

23    Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or

24    property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements

25    of procedural due process apply only to the deprivation of interests encompassed by the

26    Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*,

27

28

16cv1342

408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that inmates have no property interest protected by the Due Process Clause in an inmate grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640; *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In this matter, Plaintiff has failed to plead any facts sufficient to show that Defendants deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads no facts to suggest how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483-84.

16cv1342

### D.    Respondeat Superior

Based on the minimal allegations as to Warden Madden, it appears that Plaintiff is seeking to hold him liable for constitutional violations based on his supervisory status. However, Plaintiff's Complaint contains no "factual contact" describing Madden's direct involvement in Plaintiff's claims which would "allow[] the court to draw the reasonable inference that the [Warden] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 672-673; *Jones*, 297 F.3d at 934. Instead, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 625 F.3d 1202, 1205-06 (9th Cir. 2011).

Because Plaintiff fails to allege any "factual matter" to suggest how or to what extent Defendant Madden personally participated in Plaintiff's situation, his Complaint "fails to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, and his claims against Defendant Madden must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Accordingly, for all the reasons set forth above, Plaintiff's Complaint requires dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III.    Conclusion & Order

For the foregoing reasons, the Court:

7

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

2.     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5.     **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

//

16cv1342

//

//

   **IT IS SO ORDERED**.


**DATED:  August 2, 2016**

                                        Hon. Cynthia Bashant
                                        United States District Judge

16cv1342