UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO TINAJERO, CDCR No. AX-3761<br><br>          Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN; L. MARIN,<br><br>          Defendants. | Case No. 16-cv-01342-BAS-BGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

**I.     Procedural History**

On June 2, 2016, Plaintiff Armando Tinajero, currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1 ("Compl.")).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4).  The Court granted Plaintiff's Motion to Proceed IFP but concurrently dismissed the Complaint for failing to state a claim upon which relief could be granted.  (Doc. No. 5 at 8.)  Plaintiff was granted leave to file an amended pleading

1

and on August 22, 2016, Plaintiff filed his First Amended Complaint ("FAC").  (Doc. No. 6.)

## II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by prisoners proceeding IFP "as soon as practicable after docketing." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

2

16cv1342

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### B. Legal Standard for § 1983 Claims

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Individual Liability and Causation

As was the case with his original Complaint, Plaintiff's FAC contains virtually no factual allegations as to whom he claims violated his constitutional rights; nor does it contain "further factual enhancement" that describes how, or to what extent, any individual became aware of, or were actually aware of, alleged constitutional violations. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has

violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (explaining that even pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

Instead of setting forth specific factual allegations as it relates to each individual defendant and the specific constitutional violation that is being raised, Plaintiff directs the Court to review the exhibits attached to his FAC. (*See* FAC at 2-5.)  Where Plaintiff does refer to the individual Defendants, it is generally in broad terms.  For example, Plaintiff seeks to hold Defendant Madden liable for "failure to implement and carry out a definitive policy directing subordinates as to how they should address problems when dealing with prisoners." (*Id.*, Ex. "A" at 1.) As for Defendant Marin, he claims Marin "acted with evil motive and demonstrated reckless indifference to the constitutional rights of this Plaintiff." (*Id.* at 2.) While Plaintiff attaches a "statement" as an exhibit, it appears that pages are missing. (*See* FAC, Ex. D, at 30.) In this "statement," Plaintiff describes a cell search by Defendant Marin but the statement is missing further factual content.  If Plaintiff chooses to amend his pleading, he must set forth all his factual allegations in the body of the complaint itself.

These broad claims without sufficient factual allegations are insufficient to state a section 1983 claim. *See Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o

4

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

### D.  Fourteenth Amendment Claims

Based on the exhibits attached to Plaintiff's FAC, it appears that he is challenging a disciplinary conviction. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal quotation marks omitted)). Although the level of the hardship must be determined on a case-by-case basis, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that the disciplinary punishment he faced as a result of Defendant's actions subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the duration of his term of discipline, or the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

1        Moreover, his pleading contains no factual content that would allow the court to
2 draw the reasonable inference that Defendants' actions "presented a dramatic departure
3 from the basic conditions of [Plaintiff's] sentence," or caused him to suffer atypical or
4 significant hardship. *Sandin*, 515 U.S. at 584-85; *see also Iqbal*, 556 U.S. at 678; *Keenan
5 v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir.
6 1998).

7        Finally, to the extent that Plaintiff is challenging the prison's administrative
8 grievance process, he has failed to state a claim.  While the Fourteenth Amendment
9 provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without
10 due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due
11 process apply only to the deprivation of interests encompassed by the Fourteenth
12 Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S.
13 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or
14 property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427
15 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must
16 allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation
17 of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219
18 F.3d 905, 913 (9th Cir. 2000).

19        The Ninth Circuit has held that inmates have no protected property interest in an
20 inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez*,
21 334 F.3d at 869 ("[I]nmates lack a separate constitutional entitlement to a specific prison
22 grievance procedure.") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Even
23 the non-existence of, or the failure of prison officials to properly implement, an
24 administrative appeals process within the prison system does not raise constitutional
25 concerns. *Mann*, 855 F.2d at 640.

26        Here, Plaintiff has failed to plead any facts sufficient to show that Defendants

28                                            6

deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner.

Accordingly, for the reasons set forth above, Plaintiff's FAC requires dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

For the foregoing reasons, the Court:

1. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

3. Plaintiff is advised that he will not be permitted to amend his complaint indefinitely. Plaintiff's continued failure to state a plausible claim for relief may result in dismissal of his case without leave to amend.

//
//

1  //

2      **IT IS SO ORDERED**.

3

4  **DATED: November 2, 2016**

5

6  Hon. Cynthia Bashant
United States District Judge