UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO TINAJERO,<br>CDCR No. AX-3761<br><br>                                  Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN; L. MARIN,<br><br>                                  Defendants. | Case No. 16-cv-01342-BAS-BGS<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

## I.      Procedural History

On June 2, 2016, Plaintiff Armando Tinajero, currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the required civil filing fee when he filed his Complaint, but instead moved to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 4.)  The Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which § 1983 relief could be granted. (ECF No. 5.)  Plaintiff was granted leave to file an amended pleading, and on August 22, 2016, Plaintiff filed his First Amended

1

Complaint ("FAC").  (ECF No. 6.)  However, the Court again found that Plaintiff failed to state a claim upon which § 1983 relief could be granted and provided Plaintiff one final opportunity to correct the deficiencies of pleading found in his FAC.  (ECF No. 7.)  On December 8, 2016, Plaintiff filed the instant Second Amended Complaint ("SAC").  (ECF No. 8.)

## II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.  Standard of Review

As the Court has previously informed Plaintiff, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by prisoners proceeding IFP as soon as practicable. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). In conducting this review, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.*; *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### B.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.     Individual Liability and Causation

As was the case with Plaintiff's original Complaint and his FAC, his SAC contains virtually no factual allegations as to whom he claims violated his constitutional rights; nor does it contain "further factual enhancement" to describe how, or to what extent, any

individual became aware of, or were actually aware of, alleged constitutional violations. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).

Instead of setting forth specific factual allegations relating to each individual defendant and specific constitutional violation alleged, Plaintiff directs the Court to review the exhibits attached to his SAC. (*See* SAC at 3–5.) The Court informed Plaintiff in the two previous Orders that he must supply specific factual allegations regarding what the named Defendants were alleged to have done that violated his constitutional rights. (*See* ECF No. 5 at 4–7; *see also* ECF No. 7 at 4–5.) Plaintiff has, once again, failed to follow the Court's Orders.

Instead, Plaintiff broadly claims that Defendant Madden should be held liable for "failure to act pursuant to his subordinates [sic] illegal and malicious conduct against Plaintiff." (SAC at 9.) Plaintiff further alleges that "in regards to [Defendant] Marin" he allegedly "falsified RVR documentation in violation of P.C. 118.1 Peace Officers false reports." (*Id.* at 11.) These broad claims lack specific factual allegations, and are thus insufficient to state a § 1983 claim. *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 555, 570).

### D. Fourteenth Amendment Claims

Based on the exhibits attached to Plaintiff's SAC, it appears that he is challenging a disciplinary conviction. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486–87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's SAC is devoid of facts which show that the disciplinary punishment he faced as a result of Defendants' actions subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the duration of his term of discipline, or the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*,

515 U.S. at 486–87).

Moreover, Plaintiff has not pled factual content that would allow the court to draw the reasonable inference that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584–85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

In addition, to the extent that Plaintiff is challenging the administrative grievance process, he has failed to state a claim. While the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that inmates have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez*, 334 F.3d at 869 ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640.

Here, Plaintiff has failed to plead any facts sufficient to show that Defendants

deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner.

In sum, for the reasons set forth above, Plaintiff's SAC requires dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

For the foregoing reasons, the Court:

1) **DISMISSES** Plaintiff's Second Amended Complaint for failing state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

2) **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend).

3) The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

DATED:  February 17, 2017

Hon. Cynthia Bashant
United States District Judge